UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DINO ANTOLINI,

                                Plaintiff,

        -against-                            COMPLAINT

KENNETH ROSENBLUM, BERNICE
ROSENBLUM, VILLAGE REALTY LLC,
JORGE GUZMAN and LAMANO WEST
VILLAGE LLC,

                          Defendants.           <u>JURY TRIAL REQUESTED</u>
-----------------------------------------------------------x

## <u>COMPLAINT</u>

      Plaintiff DINO ANTOLINI, (hereafter referred to as "Plaintiff"), by his attorney Stuart H. Finkelstein, as and for the Complaint in this action against defendants KENNETH ROSENBLUM, BERNICE ROSENBLUM, VILLAGE REALTY LLC, JORGE GUZMAN and LAMANO WEST VILLAGE LLC, (together referred to as "defendants"), hereby alleges as follows:

### <u>NATURE OF THE CLAIMS</u>

      1.        This lawsuit opposes persistent, continuing and inexcusable disability discrimination by defendants. In this action, Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages, attorney's fees, costs and expenses to redress defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. Plaintiff also alleges claims for Negligence. As described more fully below, defendants own, lease, lease to, operate and control a place of public accommodation that violates the above-mentioned laws.

1

Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.     Plaintiff alleges these defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities, ostensibly in the hopes that they would never be ensnared. In so doing, it appears that defendants made a calculated, but unlawful, decision that disabled customers are not worthy. This action seeks to right that wrong via recompensing Plaintiff and making defendants' place of public accommodation fully accessible so that Plaintiff, and others so situated, that they can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA. The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.     At all times relevant to this action, Plaintiff DINO ANTOLINI has been and remains currently a resident of the city and State of New York.

2

6.     At all times relevant to this action, Plaintiff DINO ANTOLINI has been and remains a wheelchair user. He is an individual with numerous disabilities including ataxia, which obviates the voluntary control of his muscle movements as a result of the dysfunction of his nervous system, including his cerebellum. He has undergone surgical intervention, consisting of internal fixation of a 14-inch intramedullary rod along with seven Kuntscher nails in an attempt to stabilize his left hip but to no avail.

7.     Defendants KENNETH ROSENBLUM, BERNICE ROSENBLUM and VILLAGE REALTY LLC own the property located at 39 Christopher Street in New York county, New York 10014.

8.     Defendants are licensed to and does business in New York State.

9.     At all relevant times, defendants JORGE GUZMAN and LAMANO WEST VILLAGE LLC operate and/or lease property located at 39 Christopher Street, New York, New York 10014 from defendants KENNETH ROSENBLUM, BERNICE ROSENBLUM and VILLAGE REALTY LLC, (hereinafter referred to as the "premises").

10.     Upon information and belief, defendants KENNETH ROSENBLUM, BERNICE ROSENBLUM, VILLAGE REALTY LLC and defendants JORGE GUZMAN and LAMANO WEST VILLAGE LLC have a written lease agreement.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.     Each of the defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Lamano premises located at 39 Christopher Street within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

12.     The premises, a restaurant named Café Katja is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

13.     Numerous architectural barriers exist at defendants' place of public accommodation that prevent and/or restrict access to Plaintiff, a person with a disability.

14.     Upon information and belief, at some time after January 1992, defendants made alterations to 39 Christopher Street, including areas adjacent and/or attached to 39 Christopher Street.

15.     At some time after January 1992, defendants altered the primary function areas of the premises.

16.     Since the effective date of § 27-292 of the Administrative Code (also known as "Local Law 58"), defendants have constructed and/or made alterations to the premises located at 79 Orchard Street.

17.     Within the past year of filing this action, in June of 2019 Plaintiff attempted to and desired to access the premises.

18.     The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010

Standards for Accessible Design ("2010 Standards").

19.     The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Administrative Code § 27-292 *et. seq.*

20.     Because of defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal and complete access to defendants' place of public accommodation.

21.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, the Building Code of the City of New York ("BCCNY"), or the 2014 New York City Construction Code ("2014 NYC").

22.     Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the defendants' place of public accommodation as well as barriers that exist include, but are not limited to, the following:

   I.   An accessible entrance to the facility is not provided. Defendants fail to provide that at least 50% of its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i).
        Defendants fail to provide that at least 60% of its public entrances are accessible. See 2010 Standards 206.4.1.
        Defendants fail to provide that ALL of its public entrances are accessible. See 2014 NYC 1105.1.

  II.   There is a step (at the exterior side of the entrance door which has a change in level greater than ½ inch high).
        Defendants fail to provide that changes in level greater than 1/2-inch high are ramped. See 1991 Standards 4.3.8, 2010 Standards 303.4, and 2014 NYC 303.3.

 III.   The entrance door lacks level maneuvering clearances at the pull side of the door due to the step. Defendants' fail to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.

IV.  Routes throughout the Restaurant are less than 36 inches wide.
Defendants fail to provide an accessible route of at least 36 inches. See 1991
Standards 4.3.3, 2010 Standards 403.5.1, and 2014 NYC 403.5.

V.  Routes throughout the Restaurant lack required maneuvering around end caps.
Defendants fail to provide the minimum required maneuvering clearances from
which to make a 180-degree turn around an element along the accessible route.
See 1991 Standards 4.3.3, 2010 Standards 403.5.2, and 2014 NYC 403.5.1.

VI.  The service counter is more than 36 inches above the finish floor.
Defendants fail to provide an accessible portion of counter that is no greater than
36 inches above the finish floor and no less than 36 inches in length (and extends
the same depth as the general sales and/or service counter) at accessible sales
and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and
2014 NYC 904.3.

VII.  The exit door, which is also the entrance door, is not accessible as described
above. Defendants fail to provide accessible means of egress in the number
required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1, and
2014 NYC 1007.1.

VIII.  Failure to provide an accessible pathway, of at least 36 inches in width, in front of restroom
area, in violation of 28 C.F.R. Part 36, Section 4.3.3.
Failure to provide at least one lavatory that has a clear floor space for a forward approach of at
least 30 inches wide and 48 inches long as required by 2010 ADAAG § 606.2;

*VIII*.  Failure to provide sufficient clear floor space/sufficient turning radius, in restroom to
provide safe adequate maneuverability. Failure to rearrange stall partitions and/or
walls to provide sufficient accessibility and maneuvering space in restroom for
individuals with disabilities, as required by 28 C.F.R. Part 36, Section 4.17.
Photographs depicting some of the discriminatory barriers are annexed as Exhibit A,
made a part hereof and incorporated by reference herein

23.  Upon information and belief, a full inspection of the defendants' place

of public accommodation will reveal the existence of other barriers to access.

24.  As required by the ADA (remedial civil rights legislation) to properly

remedy defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff

requires a full inspection of the defendants' public accommodation in order to catalogue

and cure all of the areas of non-compliance with the ADA. Notice is therefore given that

Plaintiff reserves his rights to amend the Complaint to include any violations discovered

during an inspection that are not contained in this Complaint.

25.     Defendants have endangered Plaintiff's safety and denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

26.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

27.     Defendants KENNETH ROSENBLUM, BERNICE ROSENBLUM and VILLAGE REALTY LLC have failed to ensure that its lessee's place of public accommodation and the elements therein are in compliance with the 1991 Standards or the 2010 Standards; the Administrative Code, and the BCCNY and 2014 NYC, including but not limited to ensuring the maintenance of accessible features.

28.     Plaintiff has a realistic, credible and continuing threat of discrimination from the defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within defendants' place of public accommodation continue to exist and deter Plaintiff.

29.     Plaintiff frequently travels to the area where defendants' place of public accommodation is located.

30.     Plaintiff intends to patronize the defendants' place of public accommodation several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY and 2014 NYC.

## FIRST CAUSE OF ACTION

(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

31.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

32.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility.

33.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

34.     Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

35.     Defendants have and continue to subject Plaintiff to disparate treatment by denying the Plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled. Defendants' policies and practices have disparately impacted plaintiff as well.

36.     By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

37.     Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

38.     Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

39.     Upon information and belief, the defendants, by making alterations to their public accommodation, failed to make their place of public accommodation accessible to Plaintiff, and others so situated, to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

40.     Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to Plaintiff, in violation of 28 C.F.R. § 36.403.

41.     28 C.F.R. § 36.406(5) requires defendants to make the facilities and elements of their noncomplying public accommodation accessible in accordance with the 2010 Standards.

42.    Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make defendants' place of public accommodation fully accessible.

43.    By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

44.    In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

45.    Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

46.    New York City Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, within the meaning of the ADA, defendants KENNETH ROSENBLUM, BERNICE ROSENBLUM and VILLAGE REALTY LLC continuously controlled, managed and operated the public sidewalk abutting 39 Christopher Street, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

47.    Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the ADA.

10

48.     Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION

(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

49.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

50.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

51.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

52.     Defendants discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation. Each of the defendants have aided and abetted others in committing disability discrimination.

53.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

54.     In the alternative, defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

55.     It would be readily achievable to make defendants' place of public accommodation fully accessible.

56.     It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

57.     As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

58.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF
NEW YORK)

59.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

60.     Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems and in particular, the life activity of both walking and body motion range and thus Plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

61.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

12

The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.

62.     Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the Administrative Code § 8- 107(4). Each of the defendants have aided and abetted others in committing disability discrimination.

63.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible Restaurant/Bar.

64.     Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility, all because of disability in violation of the Administrative Code § 8-107(4).

65.     In violation of Administrative Code § 8-107(6), defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their

Restaurant and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

66.   Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, KENNETH ROSENBLUM, BERNICE ROSENBLUM and VILLAGE REALTY LLC continuously controlled, managed and operated the public sidewalk abutting 39 Christopher Street, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation, a Restaurant/Bar.

67. Defendants KENNETH ROSENBLUM, BERNICE ROSENBLUM and VILLAGE REALTY LLC's failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

68.   Defendants discriminated against Plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

69.   As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

70.   Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

71.   By failing to comply with the law in effect for decades, defendants have

15

articulated to disabled persons, such as the plaintiff herein, that they are not welcome, objectionable and not desired as patrons of their public accommodation.

72.     Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which plaintiff is entitled to an award of punitive damages pursuant to Administrative Code § 8-502.

73.     By refusing to make their place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

74.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

75.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

76.     Defendants discriminated against plaintiff pursuant to New York State Executive Law.

77.     Consequently, plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

78.     Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

79.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

80.     Defendants negligently designed, constructed, operated, repaired and maintained their place of public accommodation located at 39 Christopher Street in a manner that has rendered their place of public accommodation unsafe to the disabled Plaintiff.

81.     At all relevant times, defendants, who hold their property open to the public, have had a duty to patrons such as plaintiff to design, construct, operate, repair, and maintain their place of public accommodation located at 39 Christopher Street in a reasonably safe condition, including a duty to comply with the Administrative Code.

82.     Defendants breached their duty by negligently designing, constructing, operating, repairing and maintaining their place of public accommodation located at 207 10th Avenue in a manner that has unreasonably endangered the plaintiff's physical safety and caused plaintiff to fear for plaintiff's own safety.

83.     Defendants' failure to design, construct, operate, repair and maintain their place of public accommodation located at 79 Orchard Street in a manner that is safe to the disabled plaintiff has proximately caused plaintiff emotional distress.

84.     Defendants have had actual and constructive notice that their place of public accommodation located at 39 Christopher Street is not safe to the disabled.

85.     As a direct result of defendants' negligence, Plaintiff has suffered and continues to suffer emotional distress damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

86.    Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

87.    Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

88.    Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

89.    Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against Plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

90.    In order to enforce Plaintiff's rights against the defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A.   Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

B.   Issue a permanent injunction ordering defendant to close and cease all business until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C.   Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award Plaintiff compensatory damages as a result of defendants' violations of New York State Executive Law and the Administrative Code of the City of New York;

E.   Award Plaintiff Punitive Damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York et al;

F.   Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

      H.   Find that Plaintiff is a prevailing party in this litigation and

award reasonable attorney's fees, costs and expenses pursuant to the

ADA; and

      I.   For such other and further relief as this Court may deem just and proper.


Dated: Syosset, New York
      July 5, 2019


_____ S/S

 Stuart H. Finkelstein, Esq.
FINKELSTEIN LAW GROUP, PLLC
Attorneys for Plaintiff
338 Jericho Turnpike Syosset, New
York 11791
Tel: (718) 261-4900





