UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DINO ANTOLINI,

                Plaintiff,

- against -

KENNETH ROSENBLUM, BERNICE
ROSENBLUM, VILLAGE REALTY LLC,
JORGE GUZMAN and LAMANO WEST
VILLAGE LLC,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.: 1:19-cv-06264 (LGS)

**DEFENDANTS'
NOTICE OF OMNIBUS
MOTION TO COMPEL,
DISMISS AND
<u>RELATED RELIEF</u>**

COUNSEL:

    PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in support of this motion and the accompanying declaration with exhibits, defendants will move this Court, before the Honorable Lorna G. Schofield, United States District Court for the Southern District of New York, at the United States District Courthouse located at 500 Pearl Street, New York, NY 10007, at a time and place to be scheduled by this Court, in the substantial interests of justice and on-going integrity of the judicial process, and pursuant to the Court's inherent authority, for an Order as follows:

    (a)    Compelling plaintiff's counsel, Stuart H. Finkelstein, Esq. to produce a duly executed retainer agreement *or* an affidavit sworn to before a notary or declaration evidencing the circumstances leading to his retention by plaintiff Dino Antolini in this action; *and*

    (b)    Compelling plaintiff to produce an Affidavit sworn to before a notary public, evidencing the facts and circumstances leading to his retention of Stuart H. Finkelstein, Esq. for the express purpose of commencing and prosecuting the within action; *and*

    (c)    Ordering a framed-issue hearing within 30 days of the production of evidence of lawful retention, including relief sought under (a) and (b) and such other conditions as set by this Court, and compelling plaintiff's in-

|   |   |
|---|---|
|   | person attendance at a framed-issue hearing for the examination of the plaintiff under oath on the subject of plaintiff's retention of Stuart H. Finkelstein, Esq. and the evidence produced, if any, as to said retention; *or* |
| (d) | Dismissing this action, with prejudice, upon plaintiff's failure to demonstrate with competent evidence the lawful and ethical retention of Stuart H. Finkelstein, Esq. either by way of a lawful, duly executed retainer agreement and sworn Affidavit and/or upon plaintiff's failure to appear for a framed issue hearing as directed by this Court; *or* |
| (e) | Disqualifying Stuart H. Finkelstein, Esq. from continued representation in this matter, whose good standing in and lawful re-instatement as a member of the bar of the State of New York, according to a pending criminal complaint in the Southern District of New York, is predicated upon false representations to the bar licensing authorities of New York State, that during his period of disbarment he was not engaged in the practice of law when, in fact, according to the unsealed SDNY criminal complaint, Mr. Finkelstein was so engaged in the State of Florida; *and* |
| (f) | Staying all proceedings and affording plaintiff 60 days to retain new counsel, or elect to proceed *pro se*, failing either of which the matter should be dismissed with prejudice; *and* |
| (g) | Referring the matter of Stuart H. Finkelstein's pending criminal complaint to the bar licensing authorities of the State of New York, in which said complaint outlines Mr. Finkelstein's alleged unauthorized practice of law during the same period he allegedly misrepresented to the New York bar licensing authorities that he was not so engaged as a fraudulent predicate to his reinstatement to the New York bar; *and* |
| (h) | Referring Stuart H. Finkelstein to the Grievance Committee of the Southern District of New York, of the existence of the instant controversy to join an existing referral and investigation by said Committee concerning other highly questionable conduct arising out of his purported representation of Jose Figueroa in virtually identical ADA lawsuits, who, upon information and belief, is referred to in the pending Criminal Complaint against Mr. Finkelstein as "Victim-2"; *and* |
| (i) | Granting defendants reasonable fees and costs incurred in connection with continued defense of this action as warranted and deemed appropriate by the Court pursuant to 28 USC § 1927; *and* |
| (j) | Referring this action and the multitude of other virtually identical ADA lawsuits filed by Mr. Finkelstein in the name of Dino Antolini to the United States Attorney's Office for the Southern District of New York for further investigation by that office; *and* |

(k) Granting defendants such other relief as this Court may deem just and proper.

By Order of this Court pursuant to a conference before this Court in March 2020, the within motion is due by 4/2/20. This motion is therefore timely.

Dated: New York, New York
April 1, 2020

Yours, etc.,
RUBIN PATERNITI
GONZALEZ KAUFMAN LLP

By: _____
JUAN C. GONZALEZ, ESQ.
DAVID LAFARGA, ESQ.
Attorneys for Defendant(s)
VILLAGE REALTY LLC
555 Fifth Avenue, 6th Floor
New York, NY 10017
Tel: (646) 809-3370
Fax: (646) 809-1622
gonzalez@rpgklaw.com
lafarga@rpgklaw.com
File No.: 3748.1395

THE LANDAU GROUP, PC

By: _____
KEVIN LANDAU, ESQ.
ZACHARY LANDAU, ESQ.

Attorneys for Defendants
KENNETH ROSENBLUM, BERNICE
ROSENBLUM, JORGE GUZMAN and
LAMANO WEST VILLAGE LLC
Kevin A. Landau, Esq.
Zachary R. Landau, Esq.
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
(212) 537-4025
kevin@thelandaugroup.com
zach@thelandaugroup.com

TO: All Parties Via CM/ECF