**FINKELSTEIN LAW GROUP, PLLC**
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

STUART H. FINKELSTEIN, ESQ.

May 18th, 2020

The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

Re: Antolini vs. Rosenblum
Case No.: 1:19-cv-06264

Dear Judge Schofield,

Plaintiff submits, further to your Order of May 14, 2020. Defendant's first argument rests on Plaintiff's purported waiver of his right to seek leave to amend the Complaint. Defendants seek to rewrite the Federal Rules of Civil Procedure with this disingenuous argument. Fed. R. Civ. P. 15 is unambiguous in its governance over amended pleadings. Fed. R. Civ. P. 15(a)(2) states, on the question of when to grant leave to amend, "The court should freely give leave when justice so requires." Courts undoubtedly have discretionary authority in ruling on requests for leave to amend. See Anderson News, L.L.C. v. American Media, Inc., F. 3d 162 (2d Cir. 2012). Courts have made clear that such discretionary authority is based on weighing factors such as prejudice, bad faith, and potential futility against the general spirit of freely granting leave delineated in Rule 15. Importantly, there is no mention, in the FRCP or otherwise, of Defendants self-invented concept of "waiver" for an amended complaint in this context. Defendants refer to Plaintiff's Declaration in their nonsensical papers that I did not request leave to amend. This is incorrect, as Plaintiff's request for leave to amend was raised in both my Declaration in opposition and in Reply to Defendant's motion to dismiss. It is an extraordinary telling that Defendants do not support their mythical "waiver" notion with any concrete law. This might be due to the fact that the law is diametrically opposed to their position. The 2nd Circuit in Pasternack v. Shrader (2017), recently affirmed the process to amend pleadings by holding that "Mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Plaintiff has absolutely not waived the right to amend and is seeking your Honor's permission to do so.

Defendants next argument is just as hollow-hearted as its predecessor. They invoke Fed. R. Civ. P. 7 to argue that Plaintiff has somehow erred in his request for leave to amend. This is incorrect. Rule 7(b) governs a litigant's conduct in requesting court orders. Not only did Plaintiff comply with Rule 7 stating the particular grounds for seeking leave (see Plaintiff's Declaration [ DE 57], pgs. 4-5) but also, Defendants could not be more incorrect in their apathetic rumination on supplemental pleading procedure. Plaintiff, in his opposition to defendant's motion to dismiss, seeks leave to amend the Complaint for the first time. A request for leave to amend in an opposition brief, while informal, should not be denied if adequate notice or opportunity to respond may be afforded to the defendants. See Bankruptcy Trust of Gerard Sillam v. Refco Group, LLC WL 2129786 (S.D.N.Y. 2006) (Where adequate notice of request to amend clearly present when Defendants not only could, but in fact did substantively oppose Plaintiffs' request and court sought to preserve substance over form). Presently, Plaintiff has absolutely provided adequate notice of its request, demonstrated by both Defendant's substantive opposition as well as your Honor's request for the present letter. In Separzadeh v. Iconix Brand Group, Inc. S.D.N.Y. 2017 WL 13303 and in Smith v. Planas 151 F.R.D. 547 (S.D.N.Y. 1993), this district has stated its misgivings on requests for leave to amend where the court and the opposing party are unaware of the sorts of changes sought without any substantive referential material.

Presently, the changes Plaintiff seeks to make are not hypothetical nor abstract. Pages 4-5 of my Memo in Opposition dated May13 state, "Plaintiff's proposed amendments contain no new factual allegations against the Defendants, and seeks only to clarify the factual allegations caused by multiple typographical errors." Those exact typographical errors are flushed out in my Declaration in opposition.

Defendants third point misrepresents both the substantive law as well as Plaintiff's position once again. Defendants cite to Wood v. Mutual Redevelopment Houses, Inc. (S.D.N.Y. 2019) and American Tissue, Inc. v. Donaldson, Lufkin & Janrette Securities Corp. (S.D.N.Y. 2005) to highlight a purported undue prejudice created by Plaintiff because I did not provide a proposed amended complaint along with my request for leave to amend. Firstly, Wood v. Mutual discusses amended complaints with additional causes of action (not an issue here), with nothing to say about proposed amended complaints. Defendants characterization of American Tissue, Inc. v. Donaldson is even worse as they attempt to extrapolate law where there is none to begin with. Defendants omit the all-important notation in American Tissue that "the Court cannot find any rule that requires that a proposed amended complaint be filed with a motion to amend." The Court believed that the defendants were prejudiced in *those* circumstances because they no longer had a proper opportunity to address [the amended complaint]. That is unquestionably not the case here. Not only is this case still in its infancy, but there has been no discovery. If ever there was a case with its timing ripe for a Plaintiff to be given leave to amend their complaint, this is the one. Additionally, Plaintiff is more than willing to provide a copy of the first proposed amended Complaint to the defendants and the court, in the event that your Honor grants leave. (See also, Separzadeh v. Iconix Brand Group, Inc., where leave to amend was denied as plaintiff refused to provide a copy of a proposed amended complaint to the defendants).

Defendant's final point appears to be grounded in a fundamental misunderstanding of the Foman 'Futility' threshold. A court may exercise its discretion to deny a party's motion to amend a pleading when the proposed amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is considered futile if it could not withstand the rigorous standards of a motion to dismiss. Riccuiti v. N.Y.C. Transit Auth., 941 F. 2d 119, 123 (2d Cir. 1991). An argument of futility amounts to 'You may not file an amended complaint because you will lose anyway.' Presently, Plaintiff must file an amended complaint to even have the opportunity to correctly litigate this case. Plaintiff seeks to clarify the allegations made in the original complaint by correcting the typographical errors highlighted in my Declaration and Reply. See Bianco v. County of Nassau WL 1175157 (E.D.N.Y. 2018) (Significant typos enough for minimal burden for leave to amend); Exmar Shipping N.V. v. Polar Shipping, S.A., WL 3992290 (S.D.N.Y. 2008) (Where good cause for leave to amend shown when Plaintiff sought to clarify original claims by adjusting incorrect dollar amounts for damages).

Defendants have made the mendacious representation that such typos constitute fraud upon the court and seek to dismiss on those very grounds. Yet, Defendants want their cake and would like to eat it too. They cannot claim that the sort of typographical error made by Plaintiff's counsel concerning physical location of an establishment is the 'most essential piece' (See Defendant's 5/13 reply pg. 3) of an ADA suit while also claiming that such gaffes are really no big deal and will be hashed out in the course of litigation. (See Defendants reply pg. 12). As such, there can be no argument in law or fact as to futility. Not only would such amendments not be futile, but it is quite literally the case that an amended complaint is necessary due to defendant's own assertions. Plaintiff must able to submit a first amended complaint so that he can properly nullify Defendant's baseless arguments for dismissal and continue the pursuit of ADA compliance at Lamano Restaurant.

Respectfully, I remain,

                                                          Very truly yours,

                                                          Stuart H. Finkelstein

SHF/tc
To all counsel of record via Pacer