UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                          :
DINO ANTOLINI,                                            :
                                                          :
                                       Plaintiff,         :          19 Civ. 6264 (LGS)
                                                          :
                   -against-                              :          **OPINION AND ORDER**
                                                          :
KENNETH ROSENBLUM, et al.,                                :
                                                          :
                                       Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

On July 5, 2019, Plaintiff Dino Antolini filed a Complaint alleging that Defendants

Kenneth Rosenblum, Bernice Rosenblum, Village Realty LLC, Jorge Guzman and Lamano West

Village violated Title III of the Americans with Disabilities Act ("ADA"), New York State

Executive Law § 296, New York State Civil Rights Law § 40 and various provisions of the

Administrative Code of the City of New York (§§ 7-210, 8-107(4), 8-107(6), 19-152), and also

were negligent under common law.  Defendants contend that Plaintiff's counsel, Stuart H.

Finkelstein ("Mr. Finkelstein"), unlawfully commenced this action, without Plaintiff's

authorization, as part of a criminal scheme involving the fraudulent filing of hundreds of ADA

lawsuits on behalf of unwitting plaintiffs.  Defendants accordingly filed a motion seeking:

- to compel Mr. Finkelstein to produce a duly executed retainer agreement or an
  affidavit sworn to before a notary or declaration evidencing the circumstances
  leading to his retention by Plaintiff in this action;

- to compel Plaintiff to produce an affidavit sworn to before a notary public,
  evidencing the facts and circumstances leading to his retention of Mr. Finkelstein
  for the express purpose of commencing and prosecuting this action;

- to question Plaintiff at a hearing within thirty days of the production of evidence of lawful retention, on the subject of Plaintiff's retention of Mr. Finkelstein and the evidence produced as to the retention;

- to dismiss the action, with prejudice, based on Plaintiff's counsel's fraud on the Court;

- to disqualify Mr. Finkelstein from continued representation;

- to stay proceedings and afford Plaintiff sixty days to retain new counsel, or elect to proceed pro se, if the Court declines to dismiss this matter;

- to obtain the referral of the matter of Mr. Finkelstein's pending criminal complaint to the bar licensing authorities of the State of New York;

- to obtain the referral of Mr. Finkelstein to the Grievance Committee of the Southern District of New York;

- to be awarded reasonable fees and costs incurred in connection with the continued defense of this action as warranted and deemed appropriate by the Court pursuant to 28 U.S.C. § 1927;

- to obtain the referral of this action and ADA lawsuits that Mr. Finkelstein has filed on behalf of Plaintiff to the United States Attorney's Office for the Southern District of New York for further investigation; and

- to obtain such other relief as this Court may deem just and proper.

Plaintiff cross moved to amend the Complaint, "should this Court . . . find that Plaintiff's . . . Complaint is deficient." For the reasons stated below, Defendants' motions to compel are granted. Defendants' motions for other relief are denied. Plaintiff's motion to amend the Complaint is granted.

I.      BACKGROUND

The facts below are drawn from the Complaint, as well as documents and other evidence

integral to the Complaint, and documents of which the Court may take judicial notice.  *See*

*Chamberlain Estate of Chamberlain v. City of White Plains*, 960 F.3d 100, 105 (2d Cir. 2020).

This includes documents filed in other actions, used "to establish the fact of such litigation and

related filings."  *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66,

70 (2d Cir. 1998); *accord Barenbaum v. Palleschi*, No. 19 Civ. 5913, 2020 WL 5819810, at *5

(S.D.N.Y. Sept. 30, 2020).  The facts below are accepted as true only for purposes of this motion

and are construed, and all reasonable inferences are drawn, in favor of Plaintiff as the non-

moving party.  *See Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019).

A.      The Allegations in the Complaint

Defendants Kenneth Rosenblum, Bernice Rosenblum and Village Realty LLC own the

property at 39 Christopher Street in Manhattan (the "Premises"), which they operate and/or lease

to Defendants Jorge Guzman and Lamano West Village LLC.  Plaintiff is a wheelchair user with

numerous disabilities.  Plaintiff was unable to access the Premises due to several architectural

barriers, which prevent Plaintiff from enjoying the services, features, elements and spaces of the

Premises.

While the Complaint refers to the Premises as "Café Katja," the Premises are actually a

restaurant called "Lamano West Village" located at 39 Christopher Street.[1]  The Complaint also

alleges that Defendants constructed or made alterations to the premises located at "79 Orchard

Street."  Review of public filings reveals that this address is the home of Café Katja, which is the

---

[1] In his opposition and cross-motion to amend the Complaint, Plaintiff acknowledges that
"Lamano West Village" located at "39 Christopher Street, New York, New York," is the subject
of the Complaint.

subject of a different ADA lawsuit that Mr. Finkelstein filed on behalf of Plaintiff.  *See*

Complaint, *Antolini v. Morgenstern*, No. 19 Civ. 4938 (S.D.N.Y. May 28, 2019), ECF No. 32;

Order of Dismissal, *Antolini v. Morgenstern*, No. 19 Civ. 4938, (S.D.N.Y. Oct. 18, 2019), ECF

No. 1.  Also, the photographs in the Complaint mirror those in the lawsuit related to Café Katja.

*Id*.

       **B.**      **Stuart Finkelstein's History**

     Mr. Finkelstein was admitted to the New York Bar in 1989.  *In re Finkelstein*, 828

N.Y.S.2d 813, 813 (2d Dep't 2007) ("Order of Disbarment").  In 2006 he applied to resign as an

attorney, and in 2007 his application was granted, resulting in his disbarment.  *Id*.  The Order of

Disbarment required Mr. Finkelstein, among other things, to refrain from practicing law and

holding himself out as an attorney.  *Id*. at 814.  In 2016, Mr. Finkelstein was reinstated to the

New York Bar and thereafter filed a number of ADA lawsuits, including this action and fifteen

additional lawsuits on behalf of Plaintiff.

     In October 2019, Mr. Finkelstein was arrested in Florida on charges of mail fraud,

aggravated identity theft, false declarations to a court and obstruction of justice for filing over

300 ADA lawsuits on behalf of two purported plaintiffs without their authorization.  *United*

*States of America v. Stuart Finkelstein*, 19 MAG 10645 (S.D.N.Y., filed Nov. 12, 2019).  A

criminal complaint was later filed in this District against Mr. Finkelstein (the "Criminal

Complaint") and alleges, among other things, that he practiced law in Florida during the period

between his disbarment in 2007 and reinstatement in 2016, despite representing otherwise in his

application for reinstatement to the New York Bar.  *Id.* at ¶¶ 12, 18.

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss and Motion to Compel

"Fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision, preventing the opposing party from fully and fairly presenting his case." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal citations and quotation marks omitted); accord *Favourite v. 55 Halley St., Inc.*, No. 16 Civ. 4285, 2020 WL 116577, at *2 (S.D.N.Y. Mar. 10, 2020).  This type of fraud is limited to "fraud which seriously affects the integrity of the normal process of adjudication." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) (internal citations and quotation marks omitted); *accord, Marshak v. Sheppard*, 381 F. Supp. 3d 261, 265 (S.D.N.Y. 2019), *aff'd*, 803 F. App'x 555 (2d Cir. 2020).   "Sanctions for fraud are warranted if it is established by *clear and convincing evidence* that [a party] has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate the action." *Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) (emphasis added).

As a sanction, "outright dismissal of a lawsuit . . . is within the court's discretion," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *accord ComLab, Corp. v. Kal Tire*, No. 17 Civ. 1907, 2018 WL 4333987, at *7 (S.D.N.Y. Sept. 11, 2018) (explaining that "[d]ismissal has been deemed appropriate 'if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party.'") (internal citations omitted), *aff'd sub nom.*, 815 F. App'x 597 (2d Cir. 2020). "[D]ismissal is permissible only when the deception relates to matters in controversy in the action . . . and should be imposed only in the most extreme circumstances." *In re Dynex Capital, Inc. Sec. Litig.*, No. 05 Civ. 1897, 2011 WL 2581755, at *3 (S.D.N.Y. Apr. 29, 2011) (internal

citation and quotation marks omitted), report and recommendation adopted, No. 05 Civ. 1897, 2011 WL 2471267 (S.D.N.Y. June 21, 2011); *accord Braun ex rel. Advanced Battery Techs., Inc. v. Zhiguo Fu*, No. 11 Civ. 4383, 2015 WL 4389893, at *17 (S.D.N.Y. July 10, 2015).  "[A]s a general matter, a court should not impose sanctions on a party or attorney pursuant to its inherent authority unless it finds, by clear and convincing evidence, that the party or attorney knowingly submitted a materially false or misleading pleading, or knowingly failed to correct false statements, as part of a deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly."  *Braun ex rel. Advanced Battery Techs., Inc.*, 2015 WL 4389893, at *17.

In addition, the Court need not rely only on a party's evidence that the opposing party has engaged in fraud on the court.  The Court has the inherent authority "to conduct an independent investigation in order to determine whether it has been the victim of fraud."  *Chambers*, 501 U.S. at 44.

### B.   Motion to Disqualify

Courts may disqualify attorneys to "preserve the integrity of the adversary process." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016) (internal citations and quotation marks omitted); *accord Gogo Apparel, Inc. v. True Destiny, LLC*, No. 19 Civ. 5693, 2020 WL 5578336, at *1 (S.D.N.Y. Sept. 17, 2020).  While district courts have the discretion to disqualify an attorney, they "must be solicitous of a client's right freely to choose his counsel -- a right which of course must be balanced against the need to maintain the highest standards of the profession"; courts may disqualify an attorney "only where an attorney's conduct tends to taint the underlying trial."  *Prevezon Holdings Ltd.*, 839 F.3d at 241 (internal citations and quotation marks omitted); *accord John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413,

419 (S.D.N.Y. 2015) (explaining that motions to disqualify are "viewed with disfavor" because they "interfere with a party's right to counsel of its choice and are often made for tactical reasons," and that a "party seeking disqualification must meet a 'heavy burden of proof in order to prevail'") (internal citations omitted).

Rule 3.7 of the New York Rules of Professional Conduct provides that "[a] lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." N.Y.R. Prof'l Conduct 3.7(a).  In light of this rule,

> an attorney may be disqualified from representing a client in an action when such attorney is a necessary witnesses who has knowledge of the facts and has participated in some of the events giving rise to the lawsuit and who, if allowed to participate as both an advocate and witness, would jeopardize the court's interest in ensuring that the trial is conduct[ed] fairly and in conformity with prevailing ethical rules.

*Prout v. Vladeck*, 316 F. Supp. 3d 784, 809 (S.D.N.Y. 2018) (internal citations and quotation marks omitted).  The party seeking to disqualify on this basis must show that the attorney's testimony is both "necessary and substantially likely to be prejudicial." *Id*.  The movant "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring [to the witness-advocate's client] is substantial."  *Murray v. Metro. Life Ins., Co.*, 583 F.3d 173, 178 (2d Cir. 2009); *accord Troika Media Grp., Inc. v. Stephenson*, No. 19 Civ. 145, 2019 WL 5587009, at *7 (S.D.N.Y. Oct. 30, 2019).  "Because courts must guard against tactical use of motions to disqualify counsel, they are subject to fairly strict scrutiny, particularly motions under the witness-advocate rule."  *Id*.

C.     **Cross Motion to Amend the Complaint**

Pursuant to Federal Rule of Civil Procedure 15, a "court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The 'permissive standard' of Rule 15 'is consistent with our strong preference for resolving disputes on the

merits.'" *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011)).  Denial of leave may be appropriate where "a plaintiff's request was inconspicuous and never brought to the court's attention, or where the request gives no clue as to 'how the complaint's defects would be cured.'"  *Id.*  Ultimately, it is "within the sound discretion of the court whether to grant leave to amend."  *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,* 22 F.3d 458, 462 (2d Cir. 1994); *accord Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, No. 16 Civ. 10047, 2020 WL 495460, at *2 (S.D.N.Y. Jan. 30, 2020).

## III.    DISCUSSION

As a threshold matter, Defendants assert that their motions should be granted because Plaintiff either did not oppose the motions in any meaningful way or did not address them at all. *See Wilkov v. Ameriprise Fin. Servs., Inc*., 753 F. App'x 44, 46 n.1 (2d Cir. 2018) (summary order) (affirming the district court's dismissal of claims on the ground that they were abandoned by plaintiff "when she failed to oppose them in her opposition to [defendant's] motion to dismiss"); *accord Schik v. Miramed Revenue Grp., LLC*, No. 18 Civ. 7897, 2020 WL 5659553, at * 7 (S.D.N.Y. Sept. 23, 2020).  This argument is incorrect.  Plaintiff has addressed Defendants' contentions that Mr. Finkelstein engaged in fraud on the Court and opposed the relief Defendants seek by criticizing Defendants' reliance on the Criminal Complaint.

### A.    Motion to Dismiss and Motion to Compel

The motion to dismiss for fraud is denied because Defendants have not proved by clear and convincing evidence that Mr. Finkelstein committed fraud on the court in this action. Defendants point to several facts to show fraud in support of their motion to dismiss.  For example, Defendants identify two errors in the Complaint -- the references to "Café Katja,"

located at "79 Orchard Street," which is the subject of another ADA lawsuit Mr. Finkelstein filed

on behalf of Plaintiff.  *See Antolini v. Morgenstern, et al.*, 19-cv-04938 (filed on May 28, 2019,

dismissed on October 18, 2019).  Defendants also note that the photographs appended to the

Complaint in this action mirror those in the Café Katja action.

       Defendants also point to the Criminal Complaint, which alleges that Mr. Finkelstein

fraudulently filed over 300 lawsuits on behalf of two purported Plaintiffs -- Victim-1 and Victim-

2 -- and that Victim-1 and Victim-2 "neither retained nor authorized Finkelstein to file ADA

lawsuits on their behalf," and that "[c]ontrary to Finkelstein's representations, Victim-1 and

Victim-2 never attempted to visit the Victim Public Establishments."  *Id*.  Defendants argue that

the errors in the Complaint, coupled with the pattern of conduct alleged in the Criminal

Complaint, are sufficient to show fraud on the court.

       While Mr. Finkelstein's conduct raises questions, Defendants have not shown by clear

and convincing evidence that Mr. Finkelstein has engaged in fraud on the court.  *Yukos Capital*

*S.A.R.L.*, 977 F.3d at 235 (requiring "clear and convincing" evidence to impose sanctions).

References in the Complaint to "Café Katja" and "79 Orchard Street" and the inclusion of the

same photographs as in the Café Katja complaint could be merely careless errors.  This evidence

is insufficient to warrant an inference that Plaintiff did not authorize this action.  That Mr.

Finkelstein is under criminal investigation for allegedly fraudulent conduct in connection with

ADA lawsuits, considered alone or along with the errors in the Complaint, is similarly

insufficient to constitute clear and convincing evidence of fraud in this case.  Sanctions,

particularly dismissal of the Complaint in its entirety, are therefore denied.  *See, e.g.*, *In re*

*Accent Delight Int'l Ltd.*, No. 16 MC 125, 2019 WL 6716419, at *3 (S.D.N.Y. Dec. 10, 2019)

(holding that criminal indictments alleging fraudulent conduct committed by defendants

concerning matters outside of the present suit "do not prove by clear and convincing evidence that [the defendants] engaged in misconduct, let alone misconduct that affect[s] the integrity of the proceedings before *this* Court"); *see also*, Order, *Antolini v. N Corp.*, No. 19 Civ. 7385 (S.D.N.Y. May 5, 2020), ECF No. 47 (finding that "Defendants' counsel's suggestion of a presumption of criminal activity by Plaintiff's counsel, based solely on the fact of the prosecution, does not comport with the presumption of innocence afforded to criminal defendants."). Accordingly, Defendants' motion to dismiss the Complaint, on the ground that Plaintiff committed fraud on the court, is denied.

Defendants have, however, proffered sufficient evidence to cast doubt on the propriety of Mr. Finkelstein's actions. To preserve the integrity of the procedures before it, the Court has the authority to investigate whether Plaintiff has engaged in fraud. *Chambers*, 501 U.S. at 44. To this end, Defendants' motions to compel are granted. By November 30, 2020, (1) Mr. Finkelstein shall file a signed statement, sworn to under penalty of perjury, detailing the circumstances leading to his retention by Plaintiff in this action and attaching any applicable engagement letter or explaining why there is none, and (2) Plaintiff shall file a signed statement, sworn to under penalty of perjury, detailing the facts and circumstances leading to his retention of Mr. Finkelstein to commence and prosecute this action and shall attach any relevant documents evidencing such retention. The Court will undertake any further investigative steps as necessary upon receipt of the signed statements. Defendants' motion for a hearing is denied without prejudice.

### B.    Motion to Disqualify

Defendants have not met their heavy burden of showing that disqualification is appropriate. Defendants argue that Mr. Finkelstein should be disqualified as counsel because

"he is a material witness to questions that are central to this suit."  Defendants' contention that Mr. Finkelstein is a material witness in this case is based on the theory that Mr. Finkelstein has fraudulently initiated this action -- a theory that Defendants contend is supported by errors in the Complaint and allegations in the Criminal Complaint.  This argument falls short of showing that Mr. Finkelstein's testimony is both "necessary and substantially likely to be prejudicial."  *Prout*, 316 F. Supp. 3d at 809.  The errors in the Complaint provide no insight into Mr. Finkelstein's role in initiating this action, and the allegations in the Criminal Complaint merely establish probable cause.  *See United States v. Peeples*, 962 F.3d 677, 688-89 (2d Cir 2020).  In light of the "fairly strict scrutiny" courts apply to disqualification motions based on the witness-advocate rule, this evidence is not enough to establish that Mr. Finklestein is a material witness in this matter nor to warrant his disqualification.  *See Murray*, 583 F.3d at 178.

Defendants also contend that Mr. Finkelstein should be disqualified because he is engaging in the unauthorized practice of law.  Defendants' argument is unpersuasive.  They maintain that (1) Mr. Finkelstein was disbarred in New York, on or about February 13, 2007, and according to the Order of Disbarment, was required to refrain from practicing law or holding himself out as an attorney; (2) Mr. Finkelstein engaged in the unauthorized practice of law in Florida between 2007 and 2016; (3) Mr. Finkelstein, in order to regain admission, allegedly made a false statement to the New York Bar about whether he practiced law between 2007 and 2016; (4) Mr. Finkelstein's admission to the New York Bar is, as a result, invalid; and (5) Mr. Finkelstein therefore, is engaging in the unauthorized practice of law in this action.  This argument is too circuitous to warrant disqualification, and the motion to disqualify is denied.

11

### C.    Plaintiff's Cross Motion to Amend the Complaint

Plaintiff's cross motion to amend the Complaint is granted so that Plaintiff may correct the erroneous references to Café Katja and 79 Orchard Street.  Plaintiff shall file an amended complaint on or before November 30, 2020.

### D.    Defendants' Motion for Attorneys' Fees and Costs

Because the Court has declined to dismiss this action and declined to disqualify Mr. Finkelstein, Defendants' motions for other relief and attorneys' fees and costs are denied.

## IV.    CONCLUSION

For the reasons stated above, Defendants' motions to compel are GRANTED. Defendants' motion to dismiss, motion to disqualify, motion for a hearing, motion to stay, motions for referral and motion for attorneys' fees and costs are DENIED.  Plaintiff's cross motion to amend the Complaint is GRANTED.


SO ORDERED.

Dated:  November 12, 2020
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE