UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DINO ANTOLINI,

                        Plaintiff,                      **Hon. Lorna G. Schofield**

          - against -                         Case No.19-cv-06264-DAB

KENNETH ROSENBLUM, BERNICE
ROSENBLUM, VILLAGE REALTY LLC,
JORGE GUZMAN and LAMANO WEST
VILLAGE LLC,

                      Defendants.
-----------------------------------------------------------x

**THE LANDAU GROUP, PC MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO WITHDRAWAL AS COUNSEL
FOR DEFENDANTS GUZMAN AND LAMANO WEST VILLAGE, LLC**

# The Landau Group, PC
**45 Rockefeller Plaza, Suite 2000
New York, New York 10111
(212) 537-4025**

*Attorneys for Defendants Jorge Guzman and Lamano West Village, LLC*

1

Pursuant to Southern District of New York Local Rule 1.4, The Landau Group, PC ("Landau Group") respectfully submits this memorandum of law in support of its motion to withdraw as counsel of record for Defendants Lamano West Village, LLC, and Jorge Guzman ("Defendants") in the above-captioned matter and for all dates in the case to be briefly adjourned pending the resolution of this motion and in the event that this application is granted.

## PRELIMINARY STATEMENT AND BACKGROUND FACTS

As set forth more fully in the declaration of Zachary R. Landau Esq. ("Landau Dec."), and the declaration of Jorge Guzman ("Guzman Dec.") the Landau Group seeks leave to withdraw as counsel of record for Defendants because: (1) Defendants failed to live up to their contractual obligations by failing to timely pay their legal fees and expenses; and (2) can no longer afford to pay their bills.

Prior to making this motion, The Landau Group advised Defendants that it would be forced to make a motion to withdraw on the grounds set forth herein. Defendants consented to The Landau Group withdrawal as counsel.

During the course of The Landau Group's representation in this litigation, The Landau Group has performed a substantial amount of work in connection with pleading and motion practice phases of this action and moved with co-counsel to dismiss this action or compel certain disclosures and affidavits from Plaintiff and his counsel. These motions were granted in part and denied in part. (See ECF Doc No. 66: Opinion and Order.) Following the Court's opinion, Plaintiff served said disclosures, and an Amended Complaint was filed, which was answered by Defendants on November 30, 2020. (ECF Doc No. 72.) A scheduling order was recently entered on December 2, 2020. (See ECF Doc No. 75.)

Despite the substantial amount of work undertaken on their behalf, Defendants have failed to live up to their contractual obligations to pay The Landau Group's past and future legal fees and expenses on a timely basis, or at all. Notwithstanding Defendants agreement or inability to pay invoices for The Landau Group's past legal fees and repeated requests by The Landau Group for payment, Defendants have left sums unpaid and outstanding for legal services rendered in the above captioned action and have no intention of paying or being able to pay for legal services in the foreseeable future.

As Defendants continued to fail to pay their legal fees, Landau Group went to substantial efforts and lengths to communicate with the Defendants for payment of the outstanding amounts, including communications by telephone, and through emails, messages and so forth. In an attempt to resolve the outstanding legal fees with Defendants and in light their financial condition.

As a result of Defendants refusal to pay The Landau Group its past and future legal fees in connection with the above captioned matter, The Landau Group is also unable to adequately represent the interests of Defendants. Indeed, as a result of Defendants failure to pay for past legal services and expenses incurred on its behalf, The Landau Group would be unable to continue to render services, pay vendors and expert witnesses in this litigation. Accordingly, Defendants actions have seriously impaired The Landau Group's ability to represent them.

In his declaration Mr. Guzman attests that he a partner in Lamano West Village, LLC dba Lamano Restaurant, and that the restaurant has been closed and remains closed and is unable to pay its bills, and will remain in this position for the foreseeable future. (See Guzman Dec.) Therefore, said defendants have consented to the withdrawal of the Landau Group, PC as their counsel of record. (See Guzman Dec.)

# ARGUMENT

**I.  The Rules of Professional Conduct and Local Rule 1.4 Relieve An Attorney Of Record By Order Of Court**

Pursuant to Local Rule 1.4 of the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." The New York State Rules of Professional Conduct, Rule 1.16 permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Prof. Conduct Rule 1.16.

**II.  Defendants' Failure to Pay Its Legal Fees and Expenses Alone Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel.**

The Second Circuit has acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)).

Similarly, this Court consistently has found the failure to pay legal fees to be a legitimate ground for granting a motion to withdraw as counsel. See, e.g., *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons include failure to pay legal fees.")  (internal citations omitted); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *16

(S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H & M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); *WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550, at *1-2 (S.D.N.Y. Sept. 29, 1992) (granting motions to withdraw on ground of client's failure to pay fees even if this would cause a delay in the litigation).

Accordingly, courts regularly grant counsel's motion for leave to withdraw where, as here, a client fails to pay fees for legal services rendered or is unable or unwilling to pay for services to be rendered in the future. Thus, in light of Defendants' continual failure to honor their contractual obligations to pay The Landau Group's invoices for its past and future legal fees and expenses, The Landau Group's motion to be relieved as counsel of record for the Defendants should be granted.

### III. Irreconcilable Differences With Client Further Warrants Withdrawal of Counsel.

Under Rule1.16(c)(7) of The New York State Rules of Professional Conduct, a lawyer may withdraw from representation where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

As a result of Defendants' continued failure and refusal to pay their legal fees and expenses, an irreconcilable conflict and tension have developed between Defendants and their counsel.

Moreover, The Landau Group can no longer adequately represent the interests of Defendants.  As a result of Defendants' failure to pay legal expenses incurred on its behalf, The Landau Group's ability to zealously defend Defendants has been seriously compromised because The Landau Group cannot continue to render services, pay expert witnesses or vendors in this litigation.  Accordingly, Defendants' actions have seriously impaired The Landau Group's ability to represent them.  See *Whiting v. Lacara,* 187 F.3d 317, 322 (2d Cir. 1999) (granted motion for withdrawal where client did not pay fees and the attorney and client disagreed over pressing claims already dismissed, and which witnesses to call).

### IV.     Withdrawal of Counsel Will Not Prejudice Defendants.

Defendants will not be prejudiced by The Landau Group's withdrawal as counsel. The amended complaint was recently filed, and answered, and the scheduling order was just entered by the Court on December 2, 2020.  No discovery has been exchanged between the parties as of the date of this motion. Therefore "any new counsel retained by [Defendants] would not be forced to 'hit the ground running' but would instead have ample time to familiarize himself with the entire record in the case and thus prepare himself either to proceed through the discovery process and trial, if necessary.  See *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.,* 2005 U.S. Dist. LEXIS 17008 at *9 (S.D.N.Y. 2005) (citing *Furlow v. New York*, 1993 U.S. Dist. LEXIS 3510 at *4-5 (S.D.N.Y. 1993)) (holding that client would not be prejudiced by counsel's withdrawal while client's summary judgment motion was sub judice).

### V.      CONCLUSION

For the foregoing reasons, The Landau Group respectfully requests that the Court grant its motion to withdraw as counsel of record for Defendants and stay all proceedings for a period of forty-five (45) so that Defendants may have an opportunity to seek and retain new counsel.

Dated: New York, New York
December 22, 2020

                                    Respectfully submitted,

                                    **THE LANDAU GROUP, PC**

                                    _____
                                    Kevin A. Landau
                                    Zachary R. Landau
                                    45 Rockefeller Plaza, Suite 2000
                                    New York, New York 10111
                                    (212) 537-4025

To:

Stuart H. Finkelstein, Esq.
FINKELSTEIN LAW GROUP, PLLC
Attorneys for Plaintiff
338 Jericho Turnpike Syosset, New York 11791
Tel: (718) 261-4900
finkelsteinlawgroup@gmail.com

7