UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
DINO ANTOLINI,                                                :
                                                              :
                                      Plaintiff,              :   19 Civ. 6264 (LGS)
                                                              :
                     -against-                                :   <u>ORDER</u>
                                                              :
KENNETH ROSENBLUM, et al.,                                    :
                                                              :
                                      Defendants.             :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 13, 2021, the Court issued an Order granting The Landau Group, P.C.'s motion to withdraw as counsel to Defendants Jorge Guzman and Lamano West Village. Dkt. No. 83. The Order stated that "Mr. Guzman may, and Lamano West Village shall, retain substitute counsel," and directed Plaintiff to "file any motion for default judgment against Lamano West Village by March 15, 2021." *Id.*

WHEREAS, Mr. Guzman did not retain substitute counsel, and on March 3, 2021, the Court directed "*pro se* Defendant Mr. Guzman" to provide his contact information by March 11, 2021. Dkt. No. 87.

WHEREAS, Mr. Guzman has not yet provided his contact information.

WHEREAS, on March 15, 2021, Plaintiff's counsel, Stuart Finkelstein, filed a deficient Proposed Clerk's Certificate of Default against Mr. Guzman. Dkt. No. 102.

WHEREAS, on March 16, 2021, Plaintiff's counsel filed a Proposed Clerk's Certificate of Default against Mr. Guzman stating as grounds for the default, that, "Pursuant to Judge Schofield's Order of January 13, 2021, [DE 83], defendant was directed to obtain new counsel within 45 days of January 13, 2021 and he has not and the time to do so has expired." Dkt. No. 106.

WHEREAS, the Clerk of Court entered the Certificate of Default. Dkt. No. 109.

WHEREAS, the Court did not require Mr. Guzman to obtain alternate counsel and Mr. Guzman may proceed *pro se*.  See Dkt. No. 83; *see also* Dkt. No. 87 (directing "pro se Defendant Mr. Guzman" to provide his contact information).

WHEREAS, on March 17, 2021, Plaintiff filed a Proposed Order to Show Cause Without Emergency Relief and supporting Affirmation, which pertain to both Mr. Guzman and Lamano West Village, LLC.  It is hereby

**ORDERED** that, by **April 1, 2021**, Mr. Guzman shall provide his contact information.  It is further

**ORDERED** that, by **March 26, 2021**, The Landau Group, Mr. Guzman's prior counsel, shall serve a copy of this Order on Mr. Guzman and file proof of service.  It is further

**ORDERED** that, by **April 8, 2021**, Plaintiff shall file a Proposed Order to Show Cause and supporting papers, pursuant to Attachment A of this Court's Individual Rules.  Plaintiff is reminded to address all of the information set forth in Attachment A, 2.a.i-v, including "whether, if default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action."

The Clerk of Court is respectfully directed to vacate the Certificate of Default at Docket No. 109, because Mr. Guzman is not currently in default and the grounds for default provided in the proposed order at Docket No. 106 are inaccurate.

Dated:  March 24, 2021
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**