UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
: 
DINO ANTOLINI, :
:
                                Plaintiff, :      19 Civ. 6264 (LGS)
:
         -against- :      <u>ORDER</u>
:
KENNETH ROSENBLUM, et al., :
:
                            Defendants. :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

    **I.**    **Default Judgment Against Lamano West Village**

        WHEREAS, on January 13, 2021, the Court issued an Order granting The Landau Group P.C.'s ("The Landau Group") motion to withdraw as counsel to Jorge Guzman and Lamano West Village, LLC d/b/a/ Lamano Restaurant ("Lamano West Village").  Dkt. No. 83.  The Order stated that "Mr. Guzman may, and Lamano West Village shall, retain substitute counsel," and directed Plaintiff to "file any motion for default judgment against Lamano West Village by March 15, 2021."  *Id*.

        WHEREAS, on March 16, 2021, Plaintiff's counsel filed a Proposed Clerk's Certificates of Default against Lamano West Village (Dkt. No. 104) and Mr. Guzman (Dkt. No. 105).  The Proposed Clerk's Certificate of Default against Mr. Guzman states as grounds for the default, that, "Pursuant to Judge Schofield's Order of January 13, 2021, [DE 83], defendant was directed to obtain new counsel within 45 days of January 13, 2021 and he has not and the time to do so has expired."  Dkt. No. 105.

        WHEREAS, the Clerk of Court entered a Certificate of Default against both Lamano West Village (Dkt. No. 108), and Mr. Guzman (Dkt. No. 109).

        WHEREAS, on March 17, 2021, Plaintiff filed a Proposed Order to Show Cause Without

Emergency Relief, supporting Affirmation and Proposed Default Judgment, which pertain to both Mr. Guzman and Lamano West Village, LLC.  Dkt. Nos. 113-115.

WHEREAS, the Court did not require Mr. Guzman to obtain alternate counsel.

WHEREAS, on March 24, 2021, the Court issued an Order directing the Clerk of Court to vacate the Certificate of Default against Mr. Guzman (Dkt. No. 118), and the Clerk of Court did so.

WHEREAS, because Plaintiff's prior Proposed Order to Show Cause Without Emergency Relief, supporting Affirmation and Proposed Default Judgment pertained to both Mr. Guzman and Lamano West Village, the Court's March 24, 2021, Order also directed Plaintiff to file, by April 8, 2021, a new Proposed Order to Show Cause and supporting papers.  Dkt. No. 118.

WHEREAS, no such Proposed Order to Show Cause was filed.  It is hereby

**ORDERED** that, by **April 26, 2021**, Plaintiff shall file any Proposed Order to Show Cause and supporting papers, pursuant to Attachment A of this Court's Individual Rules, relating to Lamano West Village.

II. **Default Judgment Against Lamano West Village**

WHEREAS, on March 16, 2021, Village Realty, LLC ("Village Realty") filed a letter seeking leave to amend Village Realty's answer to the Amended Complaint to assert crossclaims against Defendants Jorge Guzman and Lamano West Village, LLC for contribution, indemnification, and breach of contract.  Dkt. No. 110.

WHEREAS, on March 24, 2021, the Court issued an Order directing Mr. Guzman to file a responsive letter by April 1, 2021.  Dkt. No. 116.

WHEREAS, no such responsive letter was filed.  It is hereby

**ORDERED**, that Mr. Guzman shall file any responsive letter by **April 26, 2021**.  Village Realty, LLC's request to file an amended answer will be discussed during the discovery conference

on April 29, 2021.

Chambers will e-mail a copy of this Order to *pro se* Defendant Jorge Guzman, at the following address: satori.ent@gmail.com.

Dated: April 21, 2021
       New York, New York

                                      **LORNA G. SCHOFIELD**
                                  **UNITED STATES DISTRICT JUDGE**