UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DINO ANTOLINI,

                         Plaintiff,

                -   against -

KENNETH ROSENBLUM, BERNICE
ROSENBLUM, VILLAGE REALTY LLC,
JORGE GUZMAN and LAMANO WEST
VILLAGE LLC,

                      Defendants.
----------------------------------------------------------x

**AMENDED ANSWER TO
AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES**

Case No.19-cv-06264-DAB

NOW COMES Answering Defendant VILLAGE REALTY, LLC, by and through its

counsel, RUBIN PATERNITI GONZALEZ RIZZOO KAUFMAN LLP and hereby files the

following Amended Answer to Plaintiff's Amended Complaint:

1.      The allegations contained in this paragraph are conclusions of law to which no

response is required, but to the extent that the averments may be deemed fact, Answering

Defendant admits that this Court has jurisdiction for purposes of the claims alleged in the

Complaint. To the extent that any other averments may be deemed fact those allegations are

denied.

2.      Denied.

3.      The allegations contained in this paragraph are conclusions of law to which no

response is required, but to the extent that the averments may be deemed fact, Answering

Defendant admits that this Court has jurisdiction for purposes of the claims alleged in the

Complaint.

4.      Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant admit that venue is proper.

5.      Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Those allegations are denied.

6.      Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Those allegations are denied.

7.      Denied as stated. Defendant VILLAGE REALTY, LLC is the record owner of the subject property.

8.      Denied as stated. Defendant VILLAGE REALTY, LLC is the record owner of the subject property.

9.      Denied as stated. Defendant VILLAGE REALTY, LLC is the record owner of the subject property and Co-Defendants LAMANO WEST VILLAGE, LLC leases the premises from Defendant VILLAGE REALTY, LLC.

10.     Denied as stated. Defendant VILLAGE REALTY, LLC is the record owner of the subject property and LAMANO WEST VILLAGE, LLC leases the premises from Defendant VILLAGE REALTY, LLC.

11.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

12.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

13.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

14.    Denied as to Answering Defendant.

15.    Denied as to Answering Defendant.

16.    Denied. The allegations contained in this paragraph are not only conclusions of law to which no response is required, but also reflect the fraudulent nature of Plaintiff's complaint. Answering Defendant's premises is not located at 79 Christopher Street.

17.    Denied. Moreover, it is specifically denied that Plaintiff has visited the subject property and/or plans to return to the property in the future. Moreover, it is specifically denied that Plaintiff encountered any architectural barriers of any kind which barred him from accessing the property or endangering his safety.

18.    Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

19.    Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

20.    Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

21.    Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

22.    (I)-(VIII). Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

23.    Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

24.    Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

25.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Moreover, it is specifically denied that Plaintiff has visited the subject property and/or plans to return to the property in the future. Moreover, it is specifically denied that Plaintiff encountered any architectural barriers of any kind which barred him from accessing the property or endangering his safety.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Moreover, it is specifically denied that Plaintiff has visited the subject property and/or plans to return to the property in the future. Moreover, it is specifically denied that Plaintiff encountered any architectural barriers of any kind which barred him from accessing the property or endangering his safety.

## FIRST CAUSE OF ACTION

31.     Answering Defendant realleges and incorporates by reference the above paragraphs as if set forth fully herein.

32.     Denied.

33.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 30 of the Amended Complaint.

34.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 34 of the Amended Complaint.

35.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 35 of the Amended Complaint.

36.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 36 of the Amended Complaint.

37.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 37 of the Amended Complaint.

38.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 38 of the Amended Complaint.

39.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering

Defendant denies each and every factual allegation contained in Paragraph 39 of the Amended Complaint.

40.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 40 of the Amended Complaint.

41.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 41 of the Amended Complaint.

42.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 42 of the Amended Complaint.

43.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 43 of the Amended Complaint.

44.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 44 of the Amended Complaint.

45.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 45 of the Amended Complaint.

46.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 46 of the Amended Complaint.

47.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 47 of the Amended Complaint.

48.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 48 of the Amended Complaint.

WHEREFORE, Answering Defendant hereby demands that judgment be entered in its favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## SECOND CAUSE OF ACTION

49.     Answering Defendant realleges and incorporates by reference the above paragraphs as if set forth fully herein.

50.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 50 of the Amended Complaint.

51.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 51 of the Amended Complaint.

52.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 52 of the Amended Complaint.

53.      The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 53 of the Amended Complaint.

54.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 54 of the Amended Complaint.

55.      The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering

Defendant denies each and every factual allegation contained in Paragraph 55 of the Amended Complaint.

56.    The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 56 of the Amended Complaint.

57.    The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 57 of the Amended Complaint.

58.    The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 58 of the Amended Complaint.

WHEREFORE, Answering Defendant hereby demands that judgment be entered in its favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

### THIRD CAUSE OF ACTION

59.    Answering Defendant realleges and incorporates by reference the above paragraphs as if set forth fully herein.

60.    The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering

Defendant denies each and every factual allegation contained in Paragraph 60 of the Amended Complaint.

61.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 61 of the Amended Complaint.

62.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 62 of the Amended Complaint.

63.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 63 of the Amended Complaint.

64.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 64 of the Amended Complaint.

65.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 65 of the Amended Complaint.

66.    The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 66 of the Amended Complaint.

67.    The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 67 of the Amended Complaint.

68.    The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 68 of the Amended Complaint.

69.    The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 69 of the Amended Complaint.

70.    The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 70 of the Amended Complaint.

71.    The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering

Defendant denies each and every factual allegation contained in Paragraph 71 of the Amended Complaint.

72.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 72 of the Amended Complaint.

73.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 73 of the Amended Complaint.

74.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 74 of the Amended Complaint.

WHEREFORE, Answering Defendant hereby demands that judgment be entered in its favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## FOURTH CAUSE OF ACTION

75.     Answering Defendant realleges and incorporates by reference the above paragraphs as if set forth fully herein.

76.      The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering

Defendant denies each and every factual allegation contained in Paragraph 76 of the Amended Complaint.

77.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 77 of the Amended Complaint.

78.     Denied.

WHEREFORE, Answering Defendant hereby demands that judgment be entered in its favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

**FIFTH CAUSE OF ACTION**

79.     Answering Defendant realleges and incorporates by reference the above paragraphs as if set forth fully herein.

80.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 80 of the Amended Complaint.

81.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 81 of the Amended Complaint.

82.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering

Defendant denies each and every factual allegation contained in Paragraph 82 of the Amended Complaint.

83.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 83 of the Amended Complaint. Answering Defendant's premises is not located at 79 Christopher Street.

84.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 84 of the Amended Complaint.

85.      The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 85 of the Amended Complaint.

WHEREFORE, Answering Defendant hereby demands that judgment be entered in its favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## INJUNCTIVE RELIEF

86.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 86 of the Amended Complaint.

87.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 87 of the Amended Complaint.

88.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 88 of the Amended Complaint.

WHEREFORE, Answering Defendant hereby demands that judgment be entered in its favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## DECLARATORY RELIEF

89.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendant denies each and every factual allegation contained in Paragraph 89 of the Amended Complaint.

WHEREFORE, Answering Defendants hereby demands that judgment be entered in its favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## ATTORNEY'S FEES, EXPENSES AND COSTS

90.     The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering

Defendant denies each and every factual allegation contained in Paragraph 90 of the Amended Complaint.

WHEREFORE, Answering Defendant hereby demands that judgment be entered in its favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## DEFENSES AND AFFIRMATIVE DEFENSES

91.     Answering Defendant states the following defenses and/or affirmative defenses without assuming the burden of proof on any such defenses and/or affirmative defenses that otherwise would rest on Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

92.     Plaintiff lacks standing to the extent that he complains of any alleged barrier that does not affect the access available to him. Additionally, Plaintiff lacks standing because his intent to return to the Property is too speculative, and remote. Plaintiff has also failed to allege the proximity of the Property to his home or the frequencies of his travel near the Property or actual use of the facilities at the Property.

## SECOND AFFIRMATIVE DEFENSE

93.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's proposed modifications may not be readily achievable.

## THIRD AFFIRMATIVE DEFENSE

94.     Plaintiff's claims are barred, in whole or in part, because the proposed modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, and/or accommodations provided.

## FOURTH AFFIRMATIVE DEFENSE

95.     Plaintiff's claims are barred, in whole or in part, because the proposed modifications would constitute an undue and excessive burden on the Answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

96.     Plaintiff's claims are barred, in whole or in part, because the proposed modifications are structurally impracticable.

## SIXTH AFFIRMATIVE DEFENSE

97.     Plaintiff's claims are barred, in whole or in part, because the proposed modifications are technically unfeasible.

## SEVENTH AFFIRMATIVE DEFENSE

98.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to provide Defendants with notice and/or an opportunity to cure any alleged violations, all such violations being specifically denied, and therefore, Plaintiff is not entitled to any relief and/or to recover her attorney's fees, expenses, or costs.

## EIGHTH AFFIRMATIVE DEFENSE

99.     Plaintiffs have failed to state a claim upon which relief may be granted for the following reasons:

        a.      It fails to allege Plaintiff's disability with specific particularity;

        b.      It fails to specify precisely what barriers Plaintiff encountered when allegedly visiting the property;

        c.      It fails to allege specific facts which would indicate that remediation of any alleged ADA violations or barriers are readily achievable;

     d.     It fails to allege a specific timeframe when Plaintiff intends to return to the property;

     e.     It fails to allege the type of actual or imminent relief required to support injunctive relief; and

     f.     It fails to allege the correct property or address or defendants.

## NINTH AFFIRMATIVE DEFENSE

100.    Plaintiff lacks standing to pursue the claims asserted in the Amended Complaint due to:

     a.     The distance between Plaintiff's alleged residence and Answering Defendant's subject property;

     b.     The lack of specificity and indefiniteness of Plaintiff's plans to return to Answering Defendant's subject property; and

     c.     The lack of any allegation that Plaintiff frequently travels to, or near, Answering Defendant's subject property.

## TENTH AFFIRMATIVE DEFENSE

101.    The Court lacks subject matter jurisdiction because Plaintiff lacks standing to bring the claims set forth in the Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

102.    The conditions precedent to filing this lawsuit have either not been met or have been waived.

## TWELFTH AFFIRMATIVE DEFENSE

103.    Plaintiff has not suffered and is not suffering irreparable harm, and as such, no injunctive relief or declaratory relief is warranted.

### THIRTEENTH AFFIRMATIVE DEFENSE

104.    Plaintiff's claims are barred because, with respect to any particular architectural element of Defendant's subject property that departs from accessibility guidelines, the Defendant has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

### FOURTEENTH AFFIRMATIVE DEFENSE

105.    Plaintiff's claims are barred because the claimed violations are "de minimis," and nonactionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

### FIFTEENTH AFFIRMATIVE DEFENSE

106.    To the extent elements of the facility do not comply with the corresponding elements in the ADA guidelines, such differences are within conventional building industry tolerances for field conditions.

### SIXTEENTH AFFIRMATIVE DEFENSE

107.    Answering Defendant has made and continues to make a good faith effort to comply with the laws pertaining to the issues in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

108.    Plaintiff's claims are barred and precluded by the doctrines of waiver, estoppel, and laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

109.    The relief, in whole or in part, sought in the Amended Complaint would constitute an undue burden to Answering Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

110.    The Complaint fails because Answering Defendant has complied with the ADA, to the extent that the premises is an existing facility under the ADA and the areas are made readily accessible to individuals with disability to the maximum extent feasible.

## TWENTYTH AFFIRMATIVE DEFENSE

111.     Plaintiff's claims are fraudulent, frivolous, and vexatious.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

112.    Plaintiff's claims are barred because Plaintiff has failed to invoke and exhaust administrative remedies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

113.    Answering Defendant reserves the right to assert additional Affirmative Defenses as this matter progresses.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

114.    Answering Defendant VILLAGE REALTY, LLC is owed a defense and indemnification by Defendants JORGE GUZMAN and LAMANO WEST VILLAGE LLC under the terms of the lease agreement and personal guarantee signed by Defendants JORGE GUZMAN and LAMANO WEST VILLAGE LLC.

## CLAIM FOR ATTORNEYS' FEES

115.    Answering Defendant has retained legal counsel. Pursuant to 28 U.S.C. § 1927 and 42 U.S. C. § 12205, and applicable law, Answering Defendant is entitled to recover attorneys' fees and costs incurred in this action.

### AS AND FOR A 1ST CROSSCLAIM AGAINST CO-DEFENDANTS JORGE GUZMAN AND LAMANO WEST VILLAGE LLC
### (Contractual Defense and Indemnification)

That, upon information and belief, prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of Plaintiff's Complaint herein, all material facts of which are denied, Answering Defendant and Co-Defendants entered into contract(s) and/or written agreement(s) whereby said parties agreed defend, indemnify, and hold harmless Answering Defendant with respect the claims and allegations asserted by Plaintiff in the Amended Complaint.

Accordingly, Answering Defendants has been damaged by Co-Defendants' breach of their contractual obligations to defend and indemnify Answering Defendant in connection with this litigation, and Co-Defendants will be liable, among other things, for the full amount of any recovery obtained against Answering Defendant, including but not limited to the payment of any judgment rendered against Answering Defendant, and for all of its attorneys' fees, costs, and disbursements.

### AS AND FOR A 2ND CROSSCLAIM AGAINST CO-DEFENDANTS JORGE GUZMAN AND LAMANO WEST VILLAGE LLC
### (Contractual Defense and Indemnification – Third-Party Beneficiary)

That, upon information and belief, prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of Plaintiff's Amended Complaint herein, all material facts of which are denied, Co-Defendants entered into contract(s) and/or written agreement(s), whether express or implied, whereby said parties agreed defend, indemnify and hold harmless Answering Defendant with respect to the claims and allegations asserted by Plaintiff in the Amended Complaint as an intended third party beneficiary to said agreement(s) or contract(s).

Accordingly, Answering Defendants has been damaged by Co-Defendants' breach of its/their contractual obligation(s) to defend and indemnify Answering Defendant in connection

with this litigation, and Co-Defendants will be liable, among other things, for the full amount of any recovery obtained against Answering Defendant, including but not limited to the payment of any judgment rendered against Answering Defendant, and for all of their attorneys' fees, costs and disbursements.

### AS AND FOR A 3RD CROSSCLAIM AGAINST CO-DEFENDANTS JORGE GUZMAN AND LAMANO WEST VILLAGE LLC
**(Breach of Contract for Failure to Procure Insurance Coverage Naming Answering Defendants as Additional Insureds on Their Respective Insurance Policies)**

That, upon information and belief, prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of Plaintiff's Amended Complaint herein, all material facts of which are denied, Answering Defendant and Co-Defendants entered into contract(s) and/or written agreement(s) whereby said parties agreed to procure insurance policies that named Answering Defendant as an additional insured with respect to the work performed or other services rendered; that upon further information and belief among the terms and conditions of said contract(s) and/or written agreement(s) executed between Co-Defendants and Answering Defendant, said parties agreed to obtain and maintain insurance coverage(s) at its/their own expense providing insurance coverage to Answering Defendant covering the circumstances giving rise to Plaintiff's alleged damages; that the insurance obligation of Co-Defendants further required that Answering Defendant shall be named as "additional insureds" on all such policies of insurance; that upon information and belief, Co-Defendants failed to procure and obtain the insurance coverage required by the contract(s) and/or written agreement(s) executed between Co-Defendants and Answering Defendant.

Accordingly, as a result of Co-Defendants respective failure(s) to procure and obtain insurance coverage(s) required by the contract(s) and/or written agreement(s) executed by said parties and Answering Defendant, Answering Defendant has been damaged thereby, and said

parties are thereby responsible for Answering Defendant's payments and discharge of their liability to the extent of the required policy limits and the cost of defending and indemnify against Plaintiff's claims.

### AS AND FOR A 4TH CROSSCLAIM AGAINST CO-DEFENDANTS JORGE GUZMAN AND LAMANO WEST VILLAGE LLC (Common Law Indemnification)

That if Plaintiff was caused to sustain the injuries alleged in the Amended Complaint through the conduct, acts or omissions, whether negligence, gross negligence, reckless, strict liability or otherwise culpable conduct other than Plaintiff's own, all of which are denied by Answering Defendant, then such damages were caused wholly and solely by reason of the negligence, recklessness, carelessness and/or breach of duty, contract, warranties (express or implied), or otherwise through any fault or culpable conduct of Co-Defendants by themselves and/or by or through or in concert with its/their agents, servants, independent contractors, sub-contractors and/or their agents, servants and employees, over whom Answering Defendant had no control, by recklessly, negligently, and carelessly failing to properly perform the services rendered or work provided, and otherwise to properly maintain, operate, manage, supervise and direct said work and/or operation, without any negligence or culpability of the Answering Defendant.

Accordingly, if Answering Defendant is/are found liable to Plaintiff herein, then Answering Defendant hereby demands judgment over and against Co-Defendants for common law indemnification for the full amount of any judgment which may be obtained herein by Plaintiff against Answering Defendant, together with attorneys' fees, costs and disbursements expended in this action.

### AS AND FOR A 5TH CROSSCLAIM AGAINST CO-DEFENDANTS JORGE GUZMAN AND LAMANO WEST VILLAGE LLC
### (Common Law Contribution)

That, upon information and belief, if Plaintiff was caused to sustain the injuries alleged in the Amended Complaint through the conduct, acts or omissions, whether negligence, gross negligence, reckless, strict liability or otherwise culpable other than Plaintiff's own, which is hereby denied in its entirety, then such damages were caused in whole or in part due to such culpable conduct of Co-Defendants, singularly or together or Answering Defendant bearing only, if at all, secondary, derivative, vicariously at fault, or otherwise by operation of law.

Accordingly, if the Answering Defendant is found liable to Plaintiff, then Answering Defendant is hereby entitled to contribution from, and have judgment over and against, Co-Defendants for the amount of any judgment deemed proportionate to each and every Co-Defendant as adjudged between all Defendants herein.

WHEREFORE, Answering Defendant VILLAGE REALTY LLC hereby demands judgment dismissing the Amended Complaint and all cross-claims against it, together with costs, disbursements, and expenses of this action including attorneys' fees; alternatively, Answering Defendant demands judgment on each of its crossclaims against Co-Defendants, inclusive of judgment for indemnification and/or contribution against Co-Defendants; together with reasonable attorneys' fees, costs and disbursements; together with such further and different relief as this Court deems just and proper.

Dated: New York, New York
      May 11, 2021

Respectfully submitted,

**RUBIN PATERNITI GONZALEZ
RIZZO KAUFMAN, LLP**

By: _____

Juan C. Gonzalez, Esq.
David Lafarga, Esq.
*Counsel for Defendant VILLAGE REALTY LLC*
555 Fifth Avenue, 6th Floor
New York, NY 10017
gonzalez@rpgrklaw.com
lafarga@rpgrklaw.com
(646) 809-3370

To:    ***All Parties of Record Via ECF Filing and e-mail***

Stuart H. Finkelstein, Esq.
Finkelstein Law Group, PLLC
*Counsel for Plaintiff Dino Antolini*
338 Jericho Turnpike
Syosset, NY 11791

Kenneth Rosenblum
kenrnyc@gmail.com

Kevin L. Smith, Esq.
Kerry T. Cooperman, Esq.
Stroock & Stroock & Lavan LLP
*Counsel for Defendant Bernice Rosenblum*
180 Maiden Lane
New York, NY 10038
ksmith@stroock.com
kcooperman@stroock.com

Jorge Guzman
265 W. 20th St., Fl. 3
New York, NY  10014
Satori.ent@gmail.com

Lamano West Village LLC
c/o Jorge Guzman
39 Christopher Street
New York, NY 10014
Satori.ent@gmail.com